IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| GLADYS C. THORNTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.: CV507-073 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report, wherein he recommended the decision of the Commissioner of the Social Security Administration be affirmed. In her Objections, Plaintiff contends the Administrative Law Judge ("ALJ") and the Magistrate Judge erred by: finding that Plaintiff did not have a severe impairment (Doc. No. 25, pp. 1-2); relying solely on State Agency reviewing psychologist Dr. Clare Ruben to deny Plaintiff's disability (Id. at 2-3); only discussing Plaintiff's records during the time that she was doing "fairly well" (Id. at 6); and not addressing the opinion of Dr. David Acker (Id. at 9). Plaintiff asserts that the Magistrate Judge erred by finding that the ALJ articulated good cause for discounting the opinion of her treating physician, Dr. Barbara Davanzo. (Id. at 3). Plaintiff further asserts that the Magistrate Judge erred by finding that there was good cause to

disregard the findings of Dr. C.M. Johnson, Dr. Richard Joseph, Dr. Kay Mitchell, Dr. Dan Echols, Dr. Marlene Zetzer, Dr. Charles Widmer, and Dr. Acker (Id. at 4-9).

Plaintiff appears to mischaracterize the role of the Court in Social Security cases. The role of this Court is to ensure that the ALJ's determination, and thus, that of the Commissioner, is supported by substantial evidence and that the proper legal standards were applied. This Court is not to reweigh or otherwise evaluate the evidence presented at the administrative level. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The Magistrate Judge reviewed the denial of benefits in accordance with these standards. Plaintiff's contentions that the ALJ erred by finding that she did not have a severe impairment and by only discussing her records during the times that she was doing "fairly well" are without merit. A finding of not disabled will be made if a claimant does not have a severe impairment that lasted for a continuous period of at least 12 months. 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 404.1509. The ALJ discussed the times that Plaintiff was doing "fairly well" because it helped to establish that she did not suffer from an impairment that lasted for a continuous period of at least 12 months. Substantial evidence supported the determination that Plaintiff did not have a severe impairment.

Plaintiff's assertion that the ALJ relied solely on the opinion of Dr. Ruben is without merit, as he did not appear to to rely on Dr. Ruben's opinion and there is substantial evidence supporting the determination that Plaintiff's impairment was not severe. No error resulted from the alleged failure of the ALJ to discuss the opinion of Dr. Acker because his assessment of Plaintiff's current ability to do work related

AO 72A
(Rev. 8/82)

2

activities was completed in 2005. This assessment is irrelevant to the time period at issue because Plaintiff's last date insured was December 31, 1997.

It is clear that the opinion of Dr. Davanzo was discredited with "good cause" within the meaning of the applicable law. The ALJ found Dr. Davanzo's opinion was not accompanied by objective medical evidence and was conclusory. Dr. Zetzer treated Plaintiff in 2004, after her date last insured, and did not offer an opinion on Plaintiff's ability to do work related activities. Dr. Widmer and Dr. Joseph are oral surgeons and are not experts on the subject of mental impairments. The undersigned notes that Dr. Johnson, Dr. Mitchell, and Dr. Echols never assessed Plaintiff's ability to do work related activities or found that Plaintiff's impairments lasted for a continuous period of at least 12 months. The ALJ properly considered their medical opinions in his decision.

Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this __/3__ day of __March__, 2009.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE